IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EMBASSY INVESTMENTS LIMITED, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:09-cv-2479 |
| | § | |
| HOUSTON CASUALTY COMPANY, | § | |
| | § | |
| Defendant. | § | |

### DEFENDANT'S NOTICE OF REMOVAL

Defendant, Houston Casualty Company ("HCC"), acting pursuant to 9 U.S.C. § 205 and 28 U.S.C. §§ 1331, 1332, and 1441, and expressly reserving all rights otherwise to respond to this lawsuit (including, but not limited to, its right to object to venue in this District, its right to move to abate or stay this lawsuit on the basis of an international arbitration agreement, or its right to seek dismissal based upon forum non conveniens or other grounds) hereby removes the action filed under Cause No. 2009-47338 in Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division.  HCC is compelled to file this Notice of Removal in order to exercise its right to be in federal court within the jurisdictional time limits set by law.

1. This cause was pending in the 189th Judicial District Court of Harris County, Texas, and styled Embassy Investments Limited v. Houston Casualty Company (the "State Action").

### FEDERAL JURISDICTION

2. Cause No. 2009-47338 resulted from a dispute over an insurance claim by Embassy Investments Limited ("Embassy"), which is a Jersey company with its principal place of business in the Channel Islands, resulting from damage to the Hyatt Regency Grand Cayman

Resort by Hurricane Ivan.  The hotel is owned by Embassy.  HCC is an excess insurance carrier for the Cayman Islands property.  Embassy has sued all of its excess insurers, including HCC, in the Cayman Islands.  Following an application by the excess insurance carriers in the Cayman proceedings for an anti-suit injunction, a Standstill Agreement ("Agreement") was reached between Embassy and the excess carriers, including HCC, on July 28, 2006.  Embassy, in particular, agreed "not to file any new suits in any jurisdiction arising out of or relating to the Embassy claims…."  The Agreement is governed by and construed in accordance with English law.

3.      Moreover, disputes "arising out of or in connection with" the Agreement are to be resolved by international arbitration and the designated seat of the arbitration is London, England.

4.      The arbitration agreement comes within the terms of an international treaty, the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("the Convention"), which was implemented at 9 U.S.C. §§ 201-208, and which governs international arbitration agreements.  *See* 21 U.S.T. 2517, T.I.A.S. No. 69997, 330 U.N.T.S. 38.  The Convention has been ratified by the United States and the United Kingdom.

5.      Because the subject matter of the pending State Action relates to an international arbitration agreement under the Convention, this Court has original jurisdiction of this action under 9 U.S.C. § 203, and this case is properly removed under 9 U.S.C. § 205.

6.      Specifically, Section 205 allows removal of any action that "relates to" an arbitration agreement falling under the Convention:

> [w]here the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention, the defendant or the defendants may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States for the district and

division embracing the place where the action or proceeding is pending.  The procedure for removal of causes otherwise provided by law shall apply, except the ground for removal provided in this section need not appear on the face of the complaint but may be shown in the petition for removal.

9 U.S.C. § 205; *see Beiser v. Weyler*, 284 F.3d 665, 669 (5th Cir. 2002) (confirming the broad nature of removal right afforded under Section 205; "Thus, the district court will have jurisdiction under §205 over just about any suit in which a defendant contends that an arbitration clause falling under the Convention provides a defense.  As long as the defendant's assertion is not completely absurd or impossible, it is at least conceivable that the arbitration clause will impact the disposition of the case."); *Ostrowiecki v. Aggressor Fleet. Ltd.*, 2007 U.S. Dist. LEXIS 91304 (E.D. La. Dec. 6, 2007).

7.      For an agreement to fall under the Convention, the agreement must have some connection to foreign entities or international commerce.  *See* 9 U.S.C. § 202.  Those facts are obvious from the admitted allegations of the Plaintiff in its own Petition, as well as the terms of the Agreement.

8.      This dispute, therefore, "relates to" an international arbitration agreement, and this Court has removal and original jurisdiction under 9 U.S.C. § 205 and 28 U.S.C. § 1331.

### ADDITIONAL MATTERS

9.      **Diversity Jurisdiction**. Removal of this action is proper under 28 U.S.C. 1331 and 9 U.S.C. § 205.  Upon removal, the Court also has diversity jurisdiction under 28 U.S.C. 1332(a) because this action is between HCC, a citizen of Texas, and Embassy, a citizen of a foreign state.  Petitioners seek, and the amount in controversy is, in excess of $75,000, exclusive of interests and costs, based on the allegations in the Original Petition.

10.      **Timeliness of Removal**.  HCC has filed this Notice of Removal well within any time limits.  Removal is within 30 days of Plaintiff's filing of the Original Petition.  HCC has

also timely filed this Notice of Removal before trial of the state proceeding, which is the only time limit under 9 U.S.C. § 205.

11.     **District and Division of Federal Court**.  The 189th Judicial District Court of Harris County, Texas is located in the Southern District of Texas, Houston Division.  This Court is the proper Court for removal.

12.     **Pleadings and Process.**  Upon filing this Notice of Removal, HCC will provide written notification to Plaintiff and will file a Notification of Removal, attaching a copy of this Notice of Removal with the Clerk of the Court for Harris County, Texas.  A copy of the Notification accompanies this Notice of Removal.

13.     In accordance with Local Rule 81 and 28 U.S.C. § 1446(a), Defendant is also filing a copy of all executed process and pleadings that assert causes of action, all orders signed by the state court judge, a copy of the docket sheet, an index of matters being filed and a list of attorneys and parties.

For these reasons this action is removed to this Court.

Respectfully submitted,


*/s/ Layne E. Kruse* with permission Annie M. Jacob
Layne E. Kruse
State Bar No. 11742550
lkruse@fulbright.com
Fulbright & Jaworski L.L.P.
1301 McKinney, Suite 5100
Houston, TX  77010-3095
Telephone:      (713) 651-5151
Telecopier:     (713) 651-5246
*Attorney for Houston Casualty Company*



Of Counsel:
Richard P. Colquitt
State Bar No. 04626565
rcolquitt@fulbright.com
Annie Jacob
State Bar No. 24057919
ajacob@fulbright.com
Fulbright & Jaworski L.L.P.
1301 McKinney, Suite 5100
Houston, TX  77010-3095
Telephone:      (713) 651-5151
Telecopier:     (713) 651-5246

**CERTIFICATE OF SERVICE**

I certify that the foregoing has been served upon counsel of record as shown below by certified mail, return receipt requested, on this 3rd day of August, 2009:

Kevin M. Sadler
Allison Bowers
Baker Botts L.L.P.
1500 San Jacinto Center
98 San Jacinto Boulevard
Austin, Texas 78701

*/s/ Layne E. Kruse* with permission Annie M. Jacob
Layne E. Kruse