IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| EMBASSY INVESTMENTS LIMITED, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:09-cv-2479 |
| | § | |
| HOUSTON CASUALTY COMPANY, | § | |
| | § | |
| Defendant. | § | |

## INDEX OF MATTERS BEING FILED AS REQUIRED UNDER LOCAL RULE 81

| 1. | All executed process<br><br>A copy of the citation issued by the District Clerk is attached. |
|----|----|
| 2. | Plaintiff's Original Petition and Defendant's Demand for Arbitration and General Denial. Such pleadings constitute all pleading asserting causes of action and all answers to such pleadings. |
| 3. | All orders signed by the state judge<br><br>No orders have been signed by the state judge. |
| 4. | State Court Docket Sheet |
| 5. | This index of matters being filed. |
| 6. | A list of all counsel of record, including addresses, telephone numbers, and parties represented.<br><br>For Plaintiff Embassy Investments Limited:<br><br>Kevin M. Sadler<br>State Bar No. 17512450<br>Allison Bowers<br>State Bar No. 24006170<br>BAKER BOTTS L.L.P.<br>1500 San Jacinto Center<br>98 San Jacinto Boulevard<br>Austin, Texas 78701<br>Telephone: (512) 322-2500<br>Facsimile: (512) 322-2501 |

For Defendant Houston Casualty Company:

Layne E. Kruse
State Bar No. 11742550
Richard P. Colquitt
State Bar No. 04626565
FULBRIGHT & JAWORSKI L.L.P.
1301 McKinney, Suite 5100
Houston, Texas 77010
Telephone: (713) 651-5151
Facsimile: (713) 651-5246

Respectfully submitted,


/s/ Layne E. Kruse with permission Annie M. Jacob
Layne E. Kruse
State Bar No. 11742550
lkruse@fulbright.com
Richard P. Colquitt
State Bar No. 04626565
rcolquitt@fulbright.com
FULBRIGHT & JAWORSKI L.L.P.
1301 McKinney, Suite 5100
Houston, TX  77010-3095
Telephone:      (713) 651-5151
Telecopier:     (713) 651-5246

*Attorney for Houston Casualty Company*

**CERTIFICATE OF SERVICE**

I certify that the foregoing has been served upon counsel of record as shown below by certified mail, return receipt requested, on this 3rd day of August, 2009:

Kevin M. Sadler
Allison Bowers
Baker Botts L.L.P.
1500 San Jacinto Center
98 San Jacinto Boulevard
Austin, Texas 78701

*/s/ Layne E. Kruse* with permission Annie M. Jacob
Layne E. Kruse

RECEIPT NUMBER ___2814___   0.00
TRACKING NUMBER __72434849__   CIV

CAUSE NUMBER ___200947338___

| PLAINTIFF: EMBASSY INVESTMENTS LIMITED | In The 189th |
|---|---|
| vs. | Judicial District Court of |
| DEFENDANT: HOUSTON CASUALTY COMPANY | Harris County, Texas |

### CITATION CORPORATE

THE STATE OF TEXAS
County of Harris

TO: HOUSTON CASUALTY COMPANY BY SERVING
    ITS PRESIDENT THOMAS KAISER

    13403 NORTHWEST FREEWAY SUITE 200  HOUSTON TX 770406094

Attached is a copy of ___PLAINTIFF'S ORIGINAL PETITION_____.

This instrument was filed on the ___27th___ day of ___July_____, 20 _09_, in the
above cited cause number and court. The instrument attached describes the claim against you.

    **YOU HAVE BEEN SUED;** you may employ an attorney. If you or your attorney do not file a written answer with the
District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of 20 days after you were
served this citation and petition, a default judgment may be taken against you.

**TO OFFICER SERVING:**

    **This Citation was issued under my hand** and seal of said Court, at Houston, Texas, this ___29th___ day of
_____July_____, 20 _09_.

Issued at request of:
SADLER, KEVIN MARSHALL
98 SAN JAC BLV1500
AUSTIN, TX 78701
Tel: (512) 322-2589
Bar Number: 17512450

**LOREN JACKSON, District Clerk**
Harris County, Texas
**201 Caroline, Houston, Texas 77002**
**P.O. Box 4651, Houston, Texas 77210**

Generated by: DENHAM, MONICA   RUF/3JG/8465967

### OFFICER/AUTHORIZED PERSON RETURN

I received this citation on the _____ day of _____, 20____, at _____ o'clock ___.M., endorsed
the date of delivery thereon, and executed it at _____, _____,
                                       (street address)           (city)

in _____ County, Texas on the _____ day of _____, 20____, at _____ o'clock ___. M.,
by delivering to _____, by delivering to its
                        (the defendant corporation named in citation)

_____, in person, whose name is _____,
(registered agent, president, or vice-president)

a true copy of this citation, with a copy of the _____ Petition attached,
                            (description of petition, e.g., "Plaintiffs Original"

and with accompanying copies of _____.
                        (additional documents, if any, delivered with the petition)

I certify that the facts stated in this return are true by my signature below on the _____ day of _____, 20____.

FEE: $ _____          By: _____
                             (signature of officer)

                       Printed Name: _____

                       As Deputy for: _____
_____             (printed name & title of sheriff or constable)
Affiant Other Than Officer

On this day, _____, known to me to be the person whose signature
appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was
executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, 20 _____

                                                     Notary Public

N.INT.CITC.P

**FILED**
Loren Jackson
District Clerk

JUL 2 7 2009

P.8.

Time: _____
Harris County, Texas
By _____
Deputy

2009-47338

CAUSE NO. _____

2009 JUL 27 PM 4:31

EMBASSY INVESTMENTS LIMITED § IN THE DISTRICT COURT OF
§
§ DEPUTY
§
v. § HARRIS COUNTY. TEXAS
§
§
HOUSTON CASUALTY COMPANY § 189 JUDICIAL DISTRICT

### PLAINTIFF'S ORIGINAL PETITION

Embassy Investments Limited ("Embassy") files this Original Petition against

Houston Casualty Company ("HCC").

#### A. Discovery

1.    Embassy intends to conduct discovery under Level 3 of Rule 190.3 of the Texas

Rules of Civil Procedure.

#### B. Parties

2.    Embassy is a Jersey company with its principal place of business at 1st Floor,

International House, 41 The Parade, St. Helier, Jersey, Channel Islands, JE2 3QQ.

3.    HCC is a Texas insurance company with its principal place of business in Harris

County, Texas and may be served with process by serving its President, Thomas Kaiser at 13403

Northwest Freeway, Suite 200, Houston, Texas 77040-6094 or Michael Jack Schell, any of its

vice presidents, its registered agent, or the Secretary of State.

#### C. Jurisdiction

4.    This suit is for violations of the Texas Insurance Code and the duties of good faith

and fair dealing as well as conspiracy and other tortious conduct by a Texas insurance company.

The amount in controversy exceeds the minimum jurisdictional limits of the Court.  This Court

Certified Document Number: 42876715 - Page 1 of 8

has jurisdiction as provided in article V, sections 1 and 8 of the Texas Constitution and sections 24.007 and 24.008 of the Texas Government Code.

### D. Venue

5.      Venue for this suit is proper in Harris County pursuant to Section 15.002 of the Texas Civil Practice and Remedies Code because Harris County is the county of Houston Casualty Company's principal office in this state.

### E. Facts

6.      Embassy purchased the Hyatt Regency Grand Cayman Resort ("Hotel"), located in the Cayman Islands, in December 2003.

7.      Embassy obtained insurance on the Hotel in three layers of coverage, a $10 million primary policy, a second layer providing for an additional $15 million of coverage above the initial $10 million policy (the "middle layer"), and a top layer that provided $25 million of coverage beyond the $10 and $15 million layers (the "top layer"). There is also a parallel layer policy providing coverage for $40 million above the initial $10 million policy. The policies were effective April 1, 2004.

8.      Each layer of coverage was provided by a group of insurers rather than one individual company. HCC was one of the insurers providing coverage under the middle layer.

9.      On September 11-12, 2004, Hurricane Ivan struck the Cayman Islands and caused extensive damage to the Hotel. Following the hurricane, Embassy informed its insurers that it would be making a claim for losses suffered as a result of the storm. The insurers appointed loss adjusters and other related professionals who acted on behalf of all insurers including HCC.

10.     The estimate, which was based on the work of the insurers' own loss adjusters, to repair the property combined with an estimate for business interruption was well over the $50 million policy limit.

2

Certified Document Number: 42876715 - Page 2 of 8

11.    The insurers, including HCC, the rest of the middle layer, and the top layer, fully reserved for these losses soon after learning the extent of the damage to the Hotel from their own loss adjustors.

12.    Several insurers paid their policy limits. HCC, however, acting in concert with some of the other insurers, refused to indemnify Embassy and has not paid any portion of the middle layer of insurance despite the fact that the largest participant of the top layer has already paid Embassy several years ago.

13.    HCC, acting in concert with some of the other insurers, has repeatedly, wrongfully and without reasonable justification delayed payment of Embassy's claims through a variety of tactics, including asserting baseless claims that it is not bound by the policy, seeking discounts for what it owed based on fictitious terms that were not part of the insurance contract, and trying to stipulate other terms not in the insurance contract.

14.    After HCC and others failed to pay, Embassy filed litigation in the Cayman Islands in an attempt to recover the amounts it was undisputedly due under the policy. Since the filing of that litigation, HCC, acting in concert with some of the other insurers, has continued to engage in further wrongful and dishonest acts to delay the resolution of the Cayman proceeding, including, for example, refusing to pay Embassy despite there being an agreement between Embassy and the insurers (including HCC) on a settlement amount in respect to what is owed under the policy.

15.    In its good faith efforts to resolve these issues, Embassy entered into a Standstill Agreement, in July 2006, with HCC and these other insurers. The purpose of the Standstill Agreement was to give the parties time to resolve the Cayman proceedings while tolling the

Certified Document Number: 42876715 - Page 3 of 8

Certified Document Number: 42876715 - Page 4 of 8

statute of limitations for Embassy's bad faith claims. HCC, acting in concert with these other insurers, has wrongfully frustrated the purpose of the Standstill Agreement.

16.     For example, after the Standstill Agreement was executed, Embassy, HCC and its co-insurers agreed on a sum of money that HCC and its co-insurers should pay to Embassy to settle Embassy's Cayman claims. However, HCC's co-insurers, acting in concert with and/or at the behest of HCC, refused to pay the agreed figure until and unless Embassy gives up and/or prejudices its rights to pursue its Texas claims against HCC.

17.     Because of HCC's inequitable conduct and given the fact that a settlement figure has subsequently been agreed in respect of the Cayman proceedings, Embassy asks this Court to declare that HCC may not use the Standstill Agreement as a bar to this lawsuit.

18.     Because of HCC's actions, in concert with these other insurers, the Hotel has not been returned to a fully operational condition and the damages Embassy suffers, beyond those covered by the insurance policies, continue to increase on a daily basis. Embassy has already suffered substantial damages beyond the insurance limits, consisting of additional business interruption, additional property damage, and other damages. Embassy seeks recovery of those damages here, as well as additional damages under the Texas Insurance Code for HCC's conduct in handling Embassy's claim.

19.     Throughout the multi-year litigation proceedings and settlement negotiations with these other insurers, HCC engaged in conduct that has prevented payment to Embassy of the insurance proceeds that it was due. This conduct was directed, sanctioned, and/or condoned by HCC in Houston and/or Texas, which is where responsibility for much of the ultimate decision-making affecting the delay of payment lies.

4

### F. Causes of Action

### Violation of the Texas Insurance Code

20.    Embassy incorporates by reference paragraphs 1-19 above as though fully set forth herein.

21.    HCC has violated the Texas Insurance Code by misrepresenting its insurance coverage to Embassy; failing to attempt to effectuate a prompt, fair, and equitable settlement of a claim where liability has become reasonably clear; failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement under one portion of a policy of a claim with respect to which HCC's liability has become reasonably clear in order to influence Embassy to settle additional claims; and failing to attempt in good faith, to effectuate a prompt, fair and equitable settlement of any portion of the insurance policy. Further, HCC has failed to promptly provide a reasonable explanation for its denial of the claims; has failed to conduct a reasonable investigation of Embassy's claim; has represented that goods or services have sponsorship, approval, characteristics, ingredients uses or benefits they do not have; has represented that goods or services are of a particular standard, quality or grade that they are not; has represented that the policy confers or involves rights, remedies or obligations which it does not; and has failed to disclose information concerning goods or services. HCC has engaged in acts or practices declared to be unfair methods of competition or unfair or deceptive practices in the business of insurance, and has acted in an unconscionable manner with respect to its insured.

22.    As a result, Embassy has suffered damages in excess of the minimum jurisdictional limits of this Court. Embassy is therefore entitled to recover those damages, beyond the coverage of the insurance policy, suffered as a result of HCC's conduct.

23.    Because HCC's actions were committed knowingly, Embassy is also entitled to additional damages of not more than three times the amount of actual damages.

5

Certified Document Number: 42876715 - Page 5 of 8

24.    Embassy is further entitled to Court costs, interest and attorneys' fees, as provided for in the Texas Insurance Code.

### Breach of the duty of good faith and fair dealing

25.    Embassy incorporates by reference paragraphs 1-24 above as though fully set forth herein.

26.    HCC's actions in failing to settle or pay when liability under its policy has become reasonably clear, as well as its dilatory tactics, violate its common law duty of good faith and fair dealing.

27.    As a result, Embassy has suffered damages in excess of the minimum jurisdictional limits of this Court.  Embassy is therefore entitled to recover those damages, beyond the amounts of coverage under the insurance policy, suffered as a result of HCC's conduct.

28.    Embassy is also entitled to exemplary damages.

### Conspiracy

29.    Embassy incorporates by reference paragraphs 1-28 above as though fully set forth herein.

30.    HCC and some of the other insurers have engaged in a conspiracy to wrongfully withhold insurance proceeds due to Embassy.  There has been a meeting of the minds between HCC and some of the other insurers to wrongfully withhold the insurance policies due to Embassy.  This conspiracy has engaged in multiple wrongful acts as described in part above. Embassy has suffered damages as a result of this conspiracy.

31.    HCC and these other insurers have repeatedly, wrongfully and without reasonable justification delayed payment of Embassy's claims through a variety of wrongful tactics, some of which are described above, and have refused to pay any portion of the insurance coverage.

Certified Document Number: 42876715 - Page 6 of 8

32.     After Embassy filed the Cayman litigation, the co-conspirators have continued to engage in dilatory tactics to avoid paying the agreed amounts owed under the policy.

33.     Because of the actions of this conspiracy, the Hotel has not been returned to a fully operational condition and the damages Embassy suffers, beyond those covered by the insurance policies, continue to increase on a daily basis.  As a result, Embassy has suffered substantial damages in the tens of millions beyond the insurance limits, consisting of additional business interruption, additional property damage, and other damages.

34.     Embassy is therefore entitled to recover those damages, beyond the amounts of coverage under the insurance policy, suffered as a result of the conduct of the co-conspirators.

35.     Embassy is also entitled to exemplary and punitive damages.

### Declaratory Judgment Action

36.     Pursuant to Chapter 37 of the Texas Civil Practice and Remedies Code, Embassy seeks a declaration that, because of HCC's inequitable conduct and given the fact that a settlement figure has subsequently been agreed in respect of the Cayman proceedings, HCC is prohibited from asserting the Standstill Agreement as a bar to this lawsuit.

### CONCLUSION AND PRAYER

Embassy respectfully prays that the Court award it the following: (1) actual damages; (2) additional damages pursuant to the Texas Insurance Code; (3) exemplary damages; (4) pre-judgment interest; (5) post-judgment interest; (6) attorneys' fees and costs; (7) punitive damages; (8) a declaration that HCC is prohibited from asserting the Standstill Agreement as a bar to this lawsuit; and (9) such other and further relief, both general and special, legal and equitable, to which it may show itself justly entitled.

Certified Document Number: 42876715 - Page 7 of 8

Respectfully Submitted.

BAKER BOTTS L.L.P.

Kevin M. Sadler
State Bar No. 17512450
Allison Bowers
State Bar. No. 24006170
1500 San Jacinto Center
98 San Jacinto Boulevard
Austin. Texas 78701-4039
Tel:    512.322.2500
Fax:    512.322.2501

**ATTORNEYS FOR EMBASSY
INVESTMENTS LIMITED**

Certified Document Number: 42876715 - Page 8 of 8



I, Loren Jackson, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date
Witness my official hand and seal of office
this _____ July 28, 2009 _____

Certified Document Number: ___42876715___ (Total Pages 8)


LOREN JACKSON, DISTRICT CLERK
HARRIS COUNTY, TEXAS


**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

No. 2009-47338

| | | |
|---|---|---|
| EMBASSY INVESTMENTS LIMITED, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| HOUSTON CASUALTY COMPANY, | § | |
| | § | |
| Defendant. | § | 189TH JUDICIAL DISTRICT |

## DEFENDANT'S DEMAND FOR ARBITRATION AND GENERAL DENIAL

Defendant Houston Casualty Company ("HCC") files this demand for arbitration, and subject thereto and without waiver of any defenses, its general denial[1].  For the same, HCC will show as follows:

### DEMAND FOR ARBITRATION

1.     Embassy Investments Limited ("Embassy") filed insurance claims for damage to the Hyatt Regency Grand Cayman Resort by Hurricane Ivan.  The hotel is owned by Embassy. HCC is an excess insurance carrier for the Cayman Islands property.  Embassy has sued all of its excess insurers, including HCC, in the Cayman Islands.  Embassy filed actions in 2005 and 2006 in the Grand Court of the Cayman Islands.  This litigation is currently pending.  Both Embassy and HCC are parties to the Cayman Islands actions.

2.     On July 28, 2006, following an application by the excess insurance carriers for an anti-suit injunction in the Cayman proceedings, the parties, including Embassy and HCC, entered into a Standstill Agreement ("Agreement").  Embassy, in particular, agreed "not to file any new suits in any jurisdiction arising out of or relating to the Embassy claims...."

---

[1] HCC also files this pleading subject to and without waiver of the fact that this dispute should not be decided in an American court.  However, if this dispute remains in the United States, it should be decided in federal court.

- 1 -

3.     In addition, disputes "arising out of or in connection with" the Agreement are to be resolved by an international arbitration proceeding.   The Agreement is governed by and construed in accordance with English law and the designated seat of the arbitration is London, England.

4.     Because the parties are required to arbitrate, defendant demands this case be abated or stayed.

### NOTICE OF FOREIGN LAW

5.     The law applicable to this dispute is English and Cayman law.

### GENERAL DENIAL

6.     Subject to and without waiver of the foregoing or any other defenses, defendant HCC asserts a General Denial as authorized by Rule 92 of the Texas Rules of Civil Procedure, denying generally every allegation contained in Plaintiff's Original Petition.

Respectfully submitted,

FULBRIGHT & JAWORSKI L.L.P.

By:     LAYNE E. KRUSE /by permission
        *Annie M-Jacob*
        Layne E. Kruse
        State Bar No. 11742550
        Richard P. Colquitt
        State Bar No. 04626565
1301 McKinney, Suite 5100
Houston, TX  77010-3095
Telephone:     (713) 651-5151
Telecopier:     (713) 651-5246

ATTORNEYS FOR HOUSTON CASUALTY
COMPANY

## CERTIFICATE OF SERVICE

I certify that the foregoing has been served upon counsel of record as shown below on this  3rd    day of August  , 2009:

    Kevin M. Sadler
    Allison Bowers
    Baker Botts L.L.P.
    1500 San Jacinto Center
    98 San Jacinto Boulevard
    Austin, Texas 78701

LAYNE E. KRUSE / by permission Annie M. Jacob
Layne E. Kruse

**Harris County Docket Sheet**

# 2009-47338

**COURT:**    189th

**FILED DATE:**  7/27/2009

**CASE TYPE:**  INSURANCE POLICY



### EMBASSY INVESTMENTS LIMITED

Attorney: BOWERS, ALLISON LYNN

### vs.

### HOUSTON CASUALTY COMPANY

| Docket Sheet Entries | |
|---|---|
| Date | Comment |



STATE OF TEXAS
COUNTY OF HARRIS

I, Loren Jackson, District Clerk of Harris County, Texas, certify that
this is a true and correct copy of the original record filed and or recorded
in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this

AUG 03 2009

LOREN JACKSON, DISTRICT CLERK
HARRIS COUNTY, TEXAS

Deputy



# HARRIS COUNTY, TEXAS
## Online Public Records

**Civil District Courts &
Family District Courts**

**Home | Help | Faqs | Manuals**

**Main Menu | Party Search | Attorney Search | Bar # Search | Case # Search | Docket Search | Date Search |
Tax Search**

## Chronological Case History

| Style | EMBASSY INVESTMENTS LIMITED VS. HOUSTON CASUALTY COMPANY | | | | | |
|---|---|---|---|---|---|---|
| Case Number | 200947338 | Case Type | INSURANCE POLICY | | | |
| File Court | 189 | Case status | ACTIVE | Jury Fee Paid Date | N/A | File Date | 07/27/2009 |
| Current Court | 189 | Next Setting | N/A | File Location | FAMILY INTAKE | | |
| Judgment For | N/A | | | | | |
| Judgment Date | N/A | Image Number | -- | Volume | -- | Page # | -- | Pgs | -- |

| Date | Event Type | Description |
|---|---|---|
| N/A | SERVICE | **PERSON SERVED:** HOUSTON CASUALTY COMPANY BY SERVING **SERVICE TYPE:** CITATION CORPORATE **INSTRUMENT:** ORIGINAL PETITION |
| 07/27/2009 | DOCUMENT | ORIGINAL PETITION **ATTORNEY:** BOWERS, ALLISON LYNN |

Main Menu        Case Summary

**Subscriber Access Coordinator**



**HARRIS COUNTY DISTRICT CLERK**
**TRANSACTION DETAIL**

**200947338-7 - EMBASSY INVESTMENTS LIMITED VS. HOUSTON CASUALTY COMPANY**

| Date | Register # | Receipt # | Court Cost | Amount Paid | Amount Due | Action Type | Due Type |
|------|-----------|-----------|-----------|-------------|-----------|-------------|----------|
| 7/27/2009 | 22 | 2814 | $228.00 | $228.00 | $0.00 | INSURANCE POLICY - HURRICANE | Paid |

**Assessed Fees**

| Fee Code | Description | Quantity | Unit Price | Assessed | Collected | Due |
|----------|-------------|----------|-----------|----------|-----------|-----|
| 100 | FILING NEW CASE | 1 | $50.00 | $50.00 | $50.00 | $0.00 |
| 121 | CITATION WITH 1 COPY | 2 | $8.00 | $16.00 | $16.00 | $0.00 |
| 195 | SECURITY SERVICE FEE | 1 | $5.00 | $5.00 | $5.00 | $0.00 |
| 198 | DIST CLK RECORDS MGMT & PRES FEE | 1 | $5.00 | $5.00 | $5.00 | $0.00 |
| 199 | RECORD PRESERVATION FEE | 1 | $5.00 | $5.00 | $5.00 | $0.00 |
| 450 | JUDICIAL FILING FEE - CIVIL | 1 | $50.00 | $50.00 | $50.00 | $0.00 |
| 452 | LEGAL SRVCS FEE-CIVIL/DIST | 1 | $10.00 | $10.00 | $10.00 | $0.00 |
| 453 | SUPPORT OF JUDICIARY FEE | 1 | $42.00 | $42.00 | $42.00 | $0.00 |
| 475 | LAW LIBRARY | 1 | $15.00 | $15.00 | $15.00 | $0.00 |
| 525 | STENO FEE | 1 | $15.00 | $15.00 | $15.00 | $0.00 |
| 601 | DISPUTE RESOLUTION FEE | 1 | $10.00 | $10.00 | $10.00 | $0.00 |
| 775 | APPELLANT JUDICIAL FUND | 1 | $5.00 | $5.00 | $5.00 | $0.00 |



STATE OF TEXAS
COUNTY OF HARRIS

I, Loren Jackson, District Clerk of Harris County, Texas, certify that
this is a true and correct copy of the original record filed and or recorded
in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this

LOREN JACKSON, DISTRICT CLERK
HARRIS COUNTY, TEXAS

_____ Deputy



**HARRIS COUNTY DISTRICT CLERK**
**TRANSACTION DETAIL**

**Payments**

| Cust ID | Customer | Type | Date | Trans ID | Reg # | Rec # | Amt Applied | Payment Amt |
|---------|----------|------|------|----------|-------|-------|-------------|-------------|
| LFI80568 | BAKER BOTTS LLP | Cash | 7/27/2009 | 8465967 | 22 | 2814 | $2.00 | $2.00 |

| Fee Code | Description | Date | Amount |
|----------|-------------|------|--------|
| 100 | FILING NEW CASE | 7/28/2009 | $50.00 |
| 121 | CITATION WITH 1 COPY | 7/28/2009 | $16.00 |
| 195 | SECURITY SERVICE FEE | 7/28/2009 | $5.00 |
| 198 | DIST CLK RECORDS MGMT & PRES FEE | 7/28/2009 | $5.00 |
| 199 | RECORD PRESERVATION FEE | 7/28/2009 | $5.00 |
| 450 | JUDICIAL FILING FEE - CIVIL | 7/28/2009 | $50.00 |
| 452 | LEGAL SRVCS FEE-CIVIL/DIST | 7/28/2009 | $10.00 |
| 453 | SUPPORT OF JUDICIARY FEE | 7/28/2009 | $42.00 |
| 475 | LAW LIBRARY | 7/28/2009 | $15.00 |
| 525 | STENO FEE | 7/28/2009 | $15.00 |
| 601 | DISPUTE RESOLUTION FEE | 7/28/2009 | $10.00 |
| 775 | APPELLANT JUDICIAL FUND | 7/28/2009 | $5.00 |

| Cust ID | Customer | Type | Date | Trans ID | Reg # | Rec # | Amt Applied | Payment Amt |
|---------|----------|------|------|----------|-------|-------|-------------|-------------|
| LFI80568 | BAKER BOTTS LLP | Check | 7/27/2009 | 8465967 | 22 | 2814 | $226.00 | $226.00 |

| Fee Code | Description | Date | Amount |
|----------|-------------|------|--------|
| 100 | FILING NEW CASE | 7/28/2009 | $50.00 |
| 121 | CITATION WITH 1 COPY | 7/28/2009 | $16.00 |
| 195 | SECURITY SERVICE FEE | 7/28/2009 | $5.00 |
| 198 | DIST CLK RECORDS MGMT & PRES FEE | 7/28/2009 | $5.00 |
| 199 | RECORD PRESERVATION FEE | 7/28/2009 | $5.00 |
| 450 | JUDICIAL FILING FEE - CIVIL | 7/28/2009 | $50.00 |
| 452 | LEGAL SRVCS FEE-CIVIL/DIST | 7/28/2009 | $10.00 |
| 453 | SUPPORT OF JUDICIARY FEE | 7/28/2009 | $42.00 |
| 475 | LAW LIBRARY | 7/28/2009 | $15.00 |
| 525 | STENO FEE | 7/28/2009 | $15.00 |
| 601 | DISPUTE RESOLUTION FEE | 7/28/2009 | $10.00 |
| 775 | APPELLANT JUDICIAL FUND | 7/28/2009 | $5.00 |



STATE OF TEXAS
COUNTY OF HARRIS

I, Loren Jackson, District Clerk of Harris County, Texas, certify that
this is a true and correct copy of the original record filed and or recorded
in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this

LOREN JACKSON, DISTRICT CLERK
HARRIS COUNTY, TEXAS

_____ Deputy